JOHN HAACKE, Appellant, *v.* JACOB MARX, Respondent.

*Landlord and tenant — action to recover for alleged illegal eviction — no recovery where eviction was pursuant to warrant of dispossession pursuant to final order after trial though it appears landlord had sold premises during pendency of proceedings.*

*Haacke* v. *Marx,* 210 App. Div. 248, affirmed.
(Argued January 29, 1925; decided February 25, 1925.)

APPEAL from a judgment, entered July 22, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff, entered upon a verdict directed by the court and directing a dismissal of the complaint. The action was to recover damages for an alleged illegal eviction. The landlord's petition was properly filed, a precept properly issued, an answer filed, a trial of the issues had, a final order made, and the warrant of dispossess properly executed. It now appears that the landlord sold the premises prior to the issuance of the precept but after the filing of his petition. The question was whether the final order in the dispossess proceedings could be ignored and the landlord sued for damages upon the theory that the court was without jurisdiction.

*John A. Leddy* for appellant.

*Harry E. Herman* and *Henry Lehrich* for respondent.

· Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ. Absent: MCLAUGHLIN, J.

---

IMPERATOR REALTY Co., INC., Appellant, *v.* BANIT SCHMUKLER, Respondent.

*Landlord and tenant — provision in lease that tenant shall make repairs — when tenant not liable for expense of underpinning building made necessary by excavation on adjoining land.*

*Imperator Realty Co.* v. *Schmukler,* 208 App. Div. 843, affirmed.
(Argued January 29, 1925; decided February 25, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial

department, entered June 16, 1924, unanimously affirming a judgment in favor of defendant entered upon a verdict directed by the court.  The action was landlord against tenant to recover the cost of shoring, bracing and underpinning the foundation of the leased building, made necessary by excavations on adjoining land and by order of the city authorities, it being contended that such expense should be borne by the tenant under the following provisions of the lease: " The tenant shall take good care of the premises hereby leased, and shall at his own cost and expense make all necessary repairs, inside and outside of said premises hereby leased, and structural repairs, if any should at any time during the term of this lease be required, and at the end, or other expiration of the term, shall deliver up the premises in good order and condition, damages by the elements excepted.  The tenant shall at his own cost and expense promptly execute and comply with all rules, orders, ordinances and regulations of the City, County and State and Federal Governments, and of any and all its or their departments, commissions and bureaus applicable to said premises for the correction, prevention, and abatement of nuisances, or other grievances in, upon, or connected with said premises during said term,    *    *    *"

*Harry E. Herman, Arthur O. Ernst* and *Henry Lehrich* for appellant.

*Samuel D. Johnson* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ.    Absent: MCLAUGHLIN, J.